IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Frankie Perez, individually and on behalf of all others similarly situated, § § § | | |
| Plaintiff § § | | |
| v. § § | CASE NO. 4:21-cv-3744 | |
| Atlas Operating LLC, § § | COLLECTIVE ACTION | |
| Defendant § | DEMAND FOR JURY TRIAL | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Frankie Perez ("Perez" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Original Collective Action Complaint against Defendant Atlas Operating LLC ("Atlas"), respectfully showing as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") for Atlas failure to pay all due and owing overtime wages to Plaintiff and the putative Collective Action Members.

2. Plaintiff files this lawsuit individually and as a collective action under § 216(b) of the FLSA on behalf of all similarly situated current and former manual laborers classified as independent contractors who worked on a straight time only basis beginning three years preceding the date this lawsuit was filed to the present.

3. Plaintiff and the putative Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.  THE PARTIES

### A.  Plaintiff Frankie Perez

4. Plaintiff Frankie Perez is an individual residing in Jim Hogg County, Texas. He has standing to file this suit.

5. Defendant employed Plaintiff from on or about February 12, 2021 through on or about September 13, 2021 as a roustabout pusher, performing various manual labor tasks such as moving tanks, cutting grass, and general maintenance work.

6. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.  Defendant Atlas Operating LLC.

7. Defendant is a limited liability company organized under the laws of the State of Texas.

8. Defendant's principal place of business is located at 15603 Kuykendahl Ste. 200 Houston, Texas 77090.

9. At all times relevant, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA. *See* 29 U.S.C. § 203(s)(1).

10. At all times relevant, Defendant employed and continues to employ two or more employees.

11. At all times relevant, Defendant is/was an employer of Plaintiff and the putative Collective Action Members. *See* 29 U.S.C. § 203(d).

12. At all times relevant, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

*See* 29 U.S.C. §§ 206-207. Examples of such goods and/or materials include: tools and materials used in connection with Defendant's well operations located throughout the United States.

13. On information and belief, at all times relevant to this lawsuit, Defendant has had gross sales or business volume in excess of $500,000.

14. Defendant may be served through its registered agent, Ijaz Rehman at 1900 St. James Pl., Suite 800, Houston, Texas 77056.

C. **Putative Collective Action Members**

15. The putative Collective Action Members are:

All current and former manual laborers classified as independent contractors who worked for Defendant in connection with its oil and gas well operations who did not receive time and one-half their respective regular rates of pay for all hours worked in excess of forty in each workweek from the period of time beginning three years prior to the filing of this lawsuit and forward.

16. Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of § 216(b) of the FLSA.

### III. JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331.

18. The United States District Court for the Southern District of Texas Houston Division has personal jurisdiction over Defendant because it maintains its principal place of business in Texas and in this District and Division.

19. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b), as Defendant is a resident of the State in which this District is located. Defendant's headquarters are located in Houston, Texas.

## IV.     FACTUAL BACKGROUND

20. According to its website, Defendant operates nearly 1,000 wells and owns non-operated interests in over 1,000 additional wells. These include both conventional and unconventional wells, in locations across the United State such as the Permian, Eagle Ford, and Haynesville basins.[1]

21. In connection with its oil and gas well operations, Defendant employs manual laborers who are responsible for the manual labor tasks that Defendant's require to operate and maintain its wells across the country.

22. Plaintiff was such a laborer who performed manual labor tasks on behalf of Defendant.

23. Plaintiff and similarly situated manual laborers typically worked approximately eighty hours or more in each seven-day workweek.

24. Defendant paid Plaintiff on a straight time hourly basis. Plaintiff's hourly rate was $13.50 per hour while working on a job site. Plaintiff was paid $8.50 per hour for travel time. Defendant also paid Plaintiff a per diem of $30. Defendant paid Plaintiff using an IRS Tax Form 1099, but Plaintiff was, at all times, an employee of Defendant and his job duties and relationship to Defendant never changed. Regardless of how Defendant classified or paid plaintiff, Defendant never paid Plaintiff overtime premium pay for hours worked over forty in a seven-day workweek.

25. Similarly, regardless of method of pay, Defendant failed to pay manual laborers like Plaintiff time and one half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

---

[1] *See* https://atlasoperating.com/operations/ (last accessed Nov. 116, 2021).

## V. FLSA CLAIMS

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A. FLSA Allegations

27. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked for Defendant.

28. At all relevant times, Plaintiff was a non-exempt employee while employed with Defendant, as were other similarly situated manual laborers.

29. During the relevant time period, Plaintiff and the putative Collective Action Members did not receive all overtime premium pay they were owed when they worked over forty hours in a workweek.

30. Specifically, Defendant paid Plaintiff and the putative Collective Action Members straight time wages only for hours worked over forty in each seven-day workweek rather than time and one half their respective regular rates of pay.

31. This failure of Defendant to pay overtime premium pay to its employees was a violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

### B. Collective Action Allegations.

32. Plaintiff seeks to bring claims under the FLSA individually and on behalf of all other current and former manual laborers classified as independent contractors who worked for Defendant in connection with its oil and gas well operations who did not receive time and one-half their respective regular rates of pay for all hours worked in excess of forty in each workweek from the period of time beginning three years prior to the filing of this lawsuit and forward. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

33. On information and belief, the class of putative Collective Action Members consists of over 30 individuals who performed the same job duties as Plaintiff.

34. Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime premium pay for all hours worked over forty in a workweek. Plaintiff worked with other manual laborers who were employed by Defendant. This resulted in personal knowledge of the treatment of those co-workers. Furthermore, other manual laborers have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

35. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked as manual laborers without receiving all due and owing overtime wages for all hours worked over forty in a workweek.

36. The putative Collective Action Members regularly work or have worked in excess of forty hours in a workweek.

37. Defendant's failure to pay all due and owing overtime wages for hours worked over forty in a seven-day workweek results from generally applicable policies or practices and does not depend on the personal circumstances of any of the putative Collective Action Members

38. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

39. Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

40. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former manual laborers classified as independent contractors who worked for Defendant in connection with its oil and gas well operations who did

not receive time and one-half their respective regular rates of pay for all hours worked in excess of forty in each workweek from the period of time beginning three years prior to the filing of this lawsuit and forward.

41. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

42. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VI.   CAUSE OF ACTION

**A.   Failure to Pay Overtime Premium Pay. 29 U.S.C. § 207(a)(1)**

43. Defendant's conduct, as alleged, violated the FLSA.

44. Plaintiff and the putative Collective Action Members were employees of the Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

45. Defendant bears the burden of demonstrating that any exemption applies which would excuse its failure to pay overtime premium pay to Plaintiff and the putative Collective Action Members. However, Plaintiff and the putative Collective Action Members were manual laborers to whom no exemption applies.

46. Defendant failed to pay Plaintiff and the putative Collective Action Members overtime wages at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

47. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff is entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.*

48. Plaintiff seeks all damages to which Plaintiff and the putative Collective Action Members are entitled under the FLSA on the basis of Defendant's willful failure to pay overtime premium pay, including: back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.  JURY DEMAND

49. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which Plaintiff and the putative Collective Action Members have a right to jury trial.

## VIII.  DAMAGES AND PRAYER

50. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   c. Costs of action incurred herein, including expert fees;

   d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

   e. Post-judgment interest; and

   f. Such other relief as the Court may deem just and proper.

Dated: November 16, 2021

Respectfully submitted,

By:     s/Ricardo J. Prieto
        Ricardo J. Prieto
        Texas Bar No. 24062947
        rprieto@eeoc.net
        Melinda Arbuckle
        Texas Bar No. 24080773
        marbuckle@eeoc.net
        Shellist Lazarz Slobin LLP
        11 Greenway Plaza, Suite 1515
        Houston, TX 77046
        (713) 621-2277 – Telephone
        (713) 621-0993 – Facsimile

COUNSEL FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS