IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FRANKIE PEREZ, Individually and on Behalf of all others similarly situated** | § § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CASE NO. 4:21-cv-3744 |
| **ATLAS OPERATING, LLC** | § § | JURY TRIAL DEMANDED |
| *Defendant* | § | |

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS WITH PREJUDICE**

TO THE HONORABLE JUDGE ANDREW HANEN:

Plaintiff Frankie Perez ("Perez") and Defendant Atlas Operating, LLC ("Atlas") (collectively "the Parties") present this Joint Motion to Approve Settlement and Dismiss with Prejudice.

**I.
BACKGROUND**

Perez is a former roustabout who performed services for Atlas between January and September 2021. Perez filed this lawsuit on November 16, 2021. In his lawsuit, Perez alleges that he and similarly situated manual laborers were misclassified as independent contractors and worked more than forty hours in a workweek but were not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

Atlas contends that Perez and any allegedly similarly situated individuals were properly classified as independent contractors and are not entitled to overtime compensation under the FLSA. Atlas also disputes the number of overtime hours claimed by Perez.

1

On February 13, 2023, the parties agreed to the terms of settlement of the claims and later negotiated a Confidential Settlement Agreement and Release of All Claims, which is submitted under seal for the Court's review and approval as Exhibit 1 to this motion. The Parties have agreed to keep the terms of the settlement confidential.

The proposed settlement is fair and reasonable, is in Perez's best interest, and represents a compromise between results wholly favoring either party. Each party acknowledges that possible outcomes in litigation could have been less favorable to them than the settlement terms reached. The parties also agree that the ultimate compromise took into account their relevant positions, strengths, and weaknesses, and the amounts to which Perez could be entitled to under the FLSA.

Counsel for Perez and Atlas are competent, have previously represented clients in numerous labor and employment-related disputes, and are familiar with the rights and obligations under the FLSA.

The above reasons show the settlement is fair and reasonable. The parties therefore request that the Court approve the settlement agreement. Should the Court not approve this settlement agreement, the Parties request a telephone status conference to discuss the settlement agreement and any changes necessary to obtain Court approval.

## II.
## ARGUMENT AND AUTHORITIES

"The Fifth Circuit has held that '[n]ot every FLSA settlement requires court approval, . . . as parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due,'" but there is still some ambiguity in which settlements do and do not require court approval. *See Smith v. M-I, LLC*, No. 5-17-CV-00778-FB-RBF, 2019 WL 2620734, at *1 (W.D. Tex. Feb. 26, 2019) (citing *Martin v. Spring Break '83 Prods.,*

*L.L.C.,* 688 F.3d 247, 255 (5th Cir., 2012). The Parties contend that Court approval should not be necessary in this matter because there are bona fide disputes as to the amount of hours Perez worked and the compensation due; however, given the ambiguity regarding the reach of *Martin,* the Parties seek this Court's approval of the settlement agreement out of caution.

If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *See generally Quintanilla v. A & R Demolition, Inc.*, No. H–04–1965, 2008 WL 9410399, at *2 (S.D. Tex. May 7, 2008) (citing *Lynn's Food Stores*, 679 F.2d at 1353).

The standard the court applies for approving an FLSA settlement is whether it is "fair, adequate and reasonable" and has been entered without collusion between the parties. *Quintanilla*, 2008 WL 9410399, at *2 (quoting *Newby*, 394 F.3d at 301). The Fifth Circuit applies a number of factors in evaluating settlements of FLSA collective actions, which may assist the Court in evaluating this individual, single-plaintiff settlement: "(1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expanse, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiff[ ] prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of [ ] counsel, class representatives, and absent class members. *Newby*, 394 F.3d at 301.

### A. The Settlement Resolves a Bona Fide and Contested Dispute.

Perez's claims are contested and this litigation is a bona fide and contested dispute between the parties. The Parties dispute whether Perez is an independent contractor (who would not be entitled to overtime compensation) or an employee (who may be entitled to overtime compensation). The Parties also dispute the number of overtime hours Perez worked, if he is an employee who may be entitled overtime compensation. The parties have

3

developed an understanding of the relative strengths and weaknesses of Perez's claims, as well as the potential defenses thereto. Therefore, this case reflects a bona fide dispute in contested litigation and, as such, the settlement enjoys a presumption of fairness. *See Lynn's*, 679 F.2d at 1353.

### B. The Proposed Settlement Is Fair and Reasonable.

This settlement was the product of arm's-length negotiations by experienced counsel. This settlement provides favorable and immediate relief to Perez and eliminates the inherent risks both parties would bear if this matter had continued to resolution on the merits. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See id.*

The settlement also provides certainty about the outcome. Although the maximum possible award at trial could be smaller or larger than the settlement amount, the inquiry as to whether a settlement is reasonable examines the benefits of the settlement in light of the risks of establishing liability and damages. *See, e.g.*, *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005).

This case is not overly complex but carries classification issues that carry risk for both parties, as well as a number of factual issues. Even if Perez prevailed at trial, Atlas may have appealed the verdict due to FLSA classification issues, leading to further expenses and uncertainty and continuing litigation for years.

The experience of counsel in litigating and negotiating wage and hour disputes likewise strongly favors approving the settlement. The involvement of experienced counsel and the fact that the settlement agreement was reached in arm's-length negotiations creates a presumption that the agreement is fair. *See generally Quintanilla*, 2008 WL 9410399, at *4; *see also Murillo v. Texas A&M*

4

*Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996) (explaining courts should not substitute their judgment for that of counsel, absent evidence of fraud or overreaching). This matter had the benefit of attorneys who are experienced in FLSA litigation and familiar with the facts and law in the case.

Finally, in regards to attorney's fees, pursuant to 29 U.S.C. § 216(b), Perez is entitled to an award of reasonable attorneys' fees. In cases involving a fee-shifting statue, the Supreme Court has expressed a preference that the parties agree to the amount of the fee: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Here, the parties reached agreement on the fees to be paid to Perez's counsel, have outlined them in the settlement agreement, and believe those fees are reasonable. The Parties agree that the amount of attorneys' fees sought in the settlement agreement are reasonable and reflect the attorneys' fees incurred on behalf of Plaintiff in preparing the Complaint, entering the Scheduling Order in this case, propounding written discovery, responding to written discovery, and negotiating the resolution of this matter.

## III.
## CONCLUSION

For the reasons sated, the parties request for the Court's approval of their proposed settlement agreement should be well taken. Upon the Court's approval of the settlement agreement, the parties stipulate to dismissal with prejudice of this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The parties request that the Court enter the Agreed Proposed Order and Agreed Final Judgment filed with this motion and, in the alternative, should the Court not approve the settlement agreement, the Parties request a telephone status conference to discuss any changes necessary to obtain approval.

        Respectfully submitted,

        **ADAMS AND REESE LLP**

        By:   */s/ S. Craig Wilcox*
             S. CRAIG WILCOX
             Texas Bar No.: 00797665
             Federal Bar No.: 21177
             *craig.wilcox@arlaw.com*
             LyondellBasell Tower
             1221 McKinney Street, Suite 4400
             Houston, Texas 77010
             Telephone: (713) 652-5151
             Facsimile: (713) 652-5152

             ***Attorney-in-Charge for Defendant Atlas Operating, LLC***

OF COUNSEL:
Collin M. Weyand
Federal Bar No. 3251459
State Bar No. 24106763
Email: Collin.weyand@arlaw.com
Adams and Reese LLP
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

        By:   */s/ Ricardo J. Prieto\**
             Ricardo J. Prieto
             Texas Bar No. 24062947
             rprieto@eeoc.net
             Melinda Arbuckle
             Texas Bar No. 24080773
             marbuckle@eeoc.net
             Shellist Lazarz Slobin LLP
             11 Greenway Plaza, Suite 1515
             Houston, TX 77046
             (713) 621-2277 – Telephone
             (713) 621-0993 – Facsimile
             ***Attorneys for Frankie Perez***

             **signed with permission by Craig Wilcox*

**CERTIFICATE OF SERVICE**

  The undersigned attorney certifies that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court by using the CM/ECF system and a copy of same is being served on counsel of record via e-mail on this the 11th day of April, 2023.

               */s/ S. Craig Wilcox*
               S. CRAIG WILCOX